**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:51 PM November 26, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| GLEN ROBERT WILSON, | ) | CASE NO. 13-60059 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is a Motion to Compel Trustee to Recover Funds. Toby L. Rosen, the chapter 13 trustee ("Trustee"), opposes the motion. The court held a hearing on November 19, 2014, granted partial relief, and took the remaining issue under advisement.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## BACKGROUND

On January 10, 2013, Glen Robert Wilson and his wife, Carol Louise Wilson, filed a joint chapter 13 petition. The court confirmed their plan on April 4, 2013. The plan required Debtors to contribute $523.00 per month for thirty-six months. The payments were made via a wage order on Mrs. Wilson's employer.

On August 24, 2014, as a result of Mr. Wilson's death on August 15, 2014, Mrs. Wilson filed a motion to sever the case. The court granted the motion on September 5, 2014, and Mrs. Wilson became an individual debtor in a separate case, identified by case number 14-61969, which enabled her to convert to chapter 7.

The deceased Mr. Wilson remained in the chapter 13 case. The wage order remained in place. Neither Debtor nor Mrs. Wilson took any action to modify the plan or otherwise amend any orders of the court. As a result, Trustee collected and distributed approximately $400 to creditors in September. She also collected, but did not distribute, a similar amount in October.

Mrs. Wilson filed a motion to compel on October 22, 2014, seeking to recover the funds from September and October and release the pay order on her employer. The court granted the motion to release the pay order and ordered Trustee to refund Mrs. Wilson the monies on hand that had not been distributed. The issue before the court is whether Trustee should be required to recover the monies paid to creditors from the amounts deducted from Mrs. Wilson's wages in September 2014, approximately $400.

## DISCUSSION

Neither the bankruptcy code or rules specifically authorize a chapter 13 trustee to recover monies paid to creditors. In spite of this, some courts have recognized an intrinsic right of recovery. Marshall v. Illinois Dep't of Healthcare and Family Serv. (In re Jennings), 2014 WL 4794853 (Bankr. N.D. Ill. 2014); In re DiRuzzo, 513 B.R. 422, 429 (Bankr. D.R.I. 2014); Kerney v. Capital One Fin. Corp. (In re Sims), 278 B.R. 457, 477 (Bankr. E.D. Tenn. 2002); In re Randolph, 2001 WL 1223139, *11-12 (Bankr. N.D. Ind. 2001). The cases, however, do not allow for recovery in all circumstances. What typically drives the "when and where" theory of recovery lies with who is at greatest fault.

For example, in Jennings, an Illinois governmental agency filed an allowed proof of claim for a domestic support obligation on behalf of an obligee. The trustee made disbursements on the claim and the agency turned the payments over to the obligee. Trustee later learned that she had mistakenly cancelled payments on a secured claim and sought a refund from the agency, presumably to redistribute to the secured creditor. The agency objected. The court found in the agency's favor. Although it recognized an unintentional mistake by the trustee, it determined that the agency was the more innocent of the two parties.

Likewise, the DiRuzzo court found both the trustee and the creditor to be equally

2

responsible and ordered the creditor to return one-half of the funds received. DiRuzzo, 513 B.R. 422, 430. But the bankruptcy court in Puerto Rico denied a creditor any recovery when the creditor mistakenly transposed its secured and unsecured claims and only realized the error after plan payments were complete. In re Martinez, 513 B.R. 779 (Bankr. D. Puerto Rico 2014).

Using fault as a guide, the court finds Trustee is the more innocent party on the present facts. Trustee received monies from a wage order that collected the appropriate amount per the confirmed plan and she distributed the funds as directed under the plan.[1] Although Mrs. Wilson argues that Trustee should have known to cancel the wage order upon Mrs. Wilson's severance and conversion, the court does not agree. As Trustee ably acknowledged, further administration of a chapter 13 case is possible pursuant to Federal Rule of Bankruptcy Procedure 1016. How is Trustee to know whether Mrs. Wilson wants to continue paying on arrearage claim or secured car claim in order to retain an asset? Or whether, for example, she intends to maintain payments to obtain the benefit of a discharge for probate purposes? Trustee omniscience is required by neither the bankruptcy code nor the Office of the United States Trustee.

Mrs. Wilson was in the best position to understand the implications of her severance and subsequent conversion, including her intent with regard to continued payments in Mr. Wilson's case. She could have filed a motion or modification immediately and avoided the issues that arose. Consequently, the court finds her motion to compel recovery of the distributed funds is not well-taken and will be denied.

An order consistent with this opinion will be entered immediately.

#	#	#

**Service List:**

Carol Louise Wilson
875 3rd Street, SE
New Philadelphia, OH 44663

John R Bates
436 Fair Avenue NW
New Philadelphia, OH 44663-1904

Toby L Rosen, Trustee
400 Tuscarawas St W
Canton, OH 44702

---

[1] On similar facts, where distributions were made by the trustee in accordance with the confirmed plan, the Bankruptcy Court for the Western District of Missouri found that the debtors were estopped from attempting to recover distributions. In re Smith, 511 B.R. 612 (Bankr. W.D. Mo. 2014).